CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD ERNEST BOTELHO,  )<br>    Plaintiff,                           )<br>                                    )<br>v.                                   )<br>                                    )<br>CITY OF ROANOKE,          )<br>    Defendant.                   ) | Civil Action No. 7:05-CV-00259<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Richard Ernest Botelho, a Virginia inmate proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1331. Botelho is incarcerated at Bland Correctional Center and alleges that he was improperly arrested, tried, and convicted of crimes he did not commit. Botelho seeks monetary damages. This action is before the court pursuant to the court's screening function as set out in 28 U.S.C. § 1915A. Because Botelho is not entitled to relief, this court must file and dismiss Botelho's complaint.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

If "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Botelho alleges that he did not commit the malicious wounding and petit larceny for

which he was charged and convicted. However, under Heck, Botelho must first have his conviction overturned prior to seeking damages in a suit pursuant to 42 U.S.C. § 1983. Therefore, this court files and dismisses this civil rights action for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered this day.

ENTER: This 6th day of May, 2005.

/s/ Jackl Conrad
UNITED STATES DISTRICT JUDGE